**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MITEK SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1208-RGA |
| | ) | |
| TIS AMERICA INC., and TOP IMAGE | ) | |
| SYSTEMS, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

For their Answer to the Complaint filed by Plaintiff Mitek Systems, Inc. ("Mitek"),

Defendants TIS America Inc. ("TISA") and Top Image Systems, Ltd. ("TISL"), (collectively

"Top Image") state as follows:

1.      Top Image lacks information sufficient to form a belief as to the truth of the

allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2.      Admitted.

3.      Top Image admits that TISL is a company organized under the laws of Israel

having its principal place of business at B.S.R. Tower #1, 2 Bengurion St., Ramat Gan, Israel.

Top Image denies the remaining allegations contained in Paragraph 3.

4.      Top Image admits that U.S. Patent No. 7,778,457 (the "'457 Patent"), is entitled

Systems for Mobile Image Capture and Processing of Checks and that an uncertified copy of a

document purporting to be a copy of the '457 Patent is attached to the Complaint as Exhibit 1.

Top Image lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 4 of the Complaint and therefore denies the same.

5.      Top Image admits that U.S. Patent No. 7,949,176 (the "'176 Patent"), is entitled Systems for Mobile Image Capture and Processing of Documents and that an uncertified copy of a document purporting to be a copy of the '176 Patent is attached to the Complaint as Exhibit 2. Top Image lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.      Top Image admits that U.S. Patent No. 7,953,268 (the "'268 Patent"), is entitled Systems for Mobile Image Capture and Processing of Documents and that an uncertified copy of a document purporting to be a copy of the '268 Patent is attached to the Complaint as Exhibit 3. Top Image lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore denies the same.

7.      Top Image admits that U.S. Patent No. 7,978,900 (the "'900 Patent"), is entitled Systems for Mobile Image Capture and Processing of Checks and that an uncertified copy of a document purporting to be a copy of the '900 Patent is attached to the Complaint as Exhibit 4. Top Image lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and therefore denies the same.

8.      Top Image admits that U.S. Patent No. 8,000,514 (the "'514 Patent"), is entitled Systems for Mobile Image Capture and Processing of Checks and that an uncertified copy of a document purporting to be a copy of the '514 Patent is attached to the Complaint as Exhibit 5. Top Image lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and therefore denies the same.

9.      Top Image admits that Izhak Nakar is the founder and active executive chairman of TISL.  Top Image denies the remaining allegations of Paragraph 9 of the Complaint.

10.     Top Image admits that the Complaint purports to be an action arising under the patent laws of the United States, codified at Title 35, United States Code § 101 et sec. and purports to base jurisdiction under at least 28 U.S.C. §§ 1331 and 1338(a).  Top Image denies that the Complaint properly states such claims and specifically denies any and all remaining allegations and/or legal conclusions set forth in Paragraph 10 of the Complaint.

11.     Top Image admits that it is subject to the personal jurisdiction of the court but denies any infringement and all remaining allegations and legal conclusions contained in Paragraph 11 of the Complaint.

12.     Top Image admits that Plaintiff purports to base venue on 28 U.S.C. §§ 1391(b), (c), and 1400.  Top Image denies that it has committed any acts of infringement and denies any and all remaining allegations and/or legal conclusions contained in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint does not contain any of its own allegations and therefore does not require a response, but to the extent a response is required, Top Image repeats and incorporates by reference the responses of all of the preceding paragraphs as it fully set forth herein.

14.     Top Image lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 14 of the Complaint and therefore denies the same.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Paragraph 21 of the Complaint does not contain any of its own allegations and therefore does not require a response, but to the extent a response is required, Top Image repeats and incorporates by reference the responses of all of the preceding paragraphs as it fully set forth herein.

22.     Top Image lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Paragraph 29 of the Complaint does not contain any of its own allegations and therefore does not require a response, but to the extent a response is required, Top Image repeats and incorporates by reference the responses of all of the preceding paragraphs as it fully set forth herein.

30.     Top Image lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Paragraph 37 of the Complaint does not contain any of its own allegations and therefore does not require a response, but to the extent a response is required, Top Image repeats and incorporates by reference the responses of all of the preceding paragraphs as it fully set forth herein.

38.     Top Image lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Paragraph 45 of the Complaint does not contain any of its own allegations and therefore does not require a response, but to the extent a response is required, Top Image repeats and incorporates by reference the responses of all of the preceding paragraphs as it fully set forth herein.

46.     Top Image lacks knowledge or information sufficient to confirm or deny the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

### ANSWER TO PRAYER FOR RELIEF

Top Image denies any and all allegations contained in the remainder of the Complaint

and denies that Plaintiff is entitled to any of the relief requested in Paragraphs a – g of the

Complaint.

### JURY DEMAND

Top Image admits that Plaintiff has requested and demands a trial by jury of this action.

### DEFENSES

Without waiving the foregoing, Top Image asserts the following separate defenses.  Top

Image alleges the following defenses in response to the allegations set forth in the Complaint.

Top Image hereby incorporates by reference its answers to the allegations contained in

Paragraphs 1 to 52 of its Answer to the Complaint as if fully set forth herein.

1.      The Complaint fails to state a claim on which relief can be based.  Plaintiff fails to

identify any products made, used, imported, sold or offered for sale by Top Image.

2.      Top Image does not infringe and has not infringed the claims of the U.S. Patent

Nos.7,778,457; 7,949,176; 7,953,268; 7,978,900; and 8,000,514  (the "Asserted Patents") either

individually or jointly, either directly, contributorily, or by inducement, either literally or under

the doctrine of equivalents.

3.      The Asserted Patents are invalid, void and/or unenforceable for failing to comply

with one or more of the conditions and requirements of the patent laws of the United States,

including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, engaging in patent misuse,

and/or failing to satisfy other statutory or judicially created requirements for patentability and enforceability.

4. Plaintiff lacks standing to assert the causes alleged in the Complaint.

5. Plaintiff's Complaint and each cause of action asserted therein are barred in whole or in part for failure to join an indispensable party.

6. Plaintiff's claim and Prayer are limited by 35 U.S.C. §§ 286-287.

7. Plaintiff's complaint and requested relief are barred by the doctrine of patent misuse.

8. Plaintiff's complaint and requested relief are barred by the doctrines of unclean hands, waiver, and acquiescence.

9. Plaintiff lacks standing to assert claims of infringement on the asserted patent because, on information and belief, it does not possess all substantial rights in the Asserted Patents.

10. Plaintiff's claims are barred by estoppel, including, without limitation prosecution history estoppel, unclean hands, and laches.

11. To the extent that any remedy is justified, Plaintiff will not and has not suffered any irreparable harm or injury; Plaintiff's claims for injunctive relief are barred in light of the availability of an adequate remedy at law, to the extent any remedy is justified and to the extent it is not and will not suffer irreparable harm or injury.

12. Top Image has not engaged in any conduct that entitles Plaintiff to an award of damages, costs, expenses, and/or pre-judgment and post-judgment interests.

13. Top Image has not engaged in any conduct which would entitle Plaintiff to an award of enhanced damages.

14.     Top Image has not engaged in any conduct which would make this an exceptional case or that entitles Plaintiff to an award of its reasonable attorneys' fees.

15.     Top Image reserves the right to offer any other and additional defense that is now or may become available or appear during, or as a result of, discovery proceedings in this action.

## RESERVATION OF ADDITIONAL DEFENSES

Top Image reserves additional affirmative or other defenses in the event that discovery or other investigation and/or analysis indicates that additional defenses lie or are appropriate.


## PRAYER FOR RELIEF

WHEREFORE, Top Image respectfully requests that the Court:

A.     Dismiss each of Plaintiff's causes of action against Top Image with prejudice and that Plaintiff take nothing;

B.     Deem this to be an exceptional case and award Top Image its costs and attorneys' fees pursuant to 35 U.S.C. § 285;

C.     Award Top Image any such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Mark Ungerman
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., N.W.
Suite 6000
Washington, DC  20006
Tel:  (202) 887-1500

Dated:  January 7, 2013
1088749 / 39637

By:   _/s/ David E. Moore_____
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com
       bpalapura@potteranderson.com

*Attorneys for Defendants TIS America Inc. and
Top Image Systems, Ltd.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on January 7, 2013, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on January 7, 2013, the attached document was electronically mailed

to the following person(s):

Richard K. Herrmann
Mary B. Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Kirin K. Gill
Ryan R. Smith
James C. Yoon
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA  94304
kgill@wsgr.com
rsmith@wsgr.com
jyoon@wsgr.com


By:   */s/ David E. Moore*                       
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1082247/39637