IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Mitek Systems, Inc.,**

Plaintiff,

v.

Civil Action No. 12-1208-RGA

**TIS America Inc.,** and **Top Image Systems, Ltd.,**

Defendants.

MEMORANDUM OPINION

Mary B. Matterer, Esq., Morris James LLP, Wilmington, DE; Ryan R. Smith, Esq. (argued), Wilson Sonsini Goodrich & Rosati, Palo Alto, CA; Christopher D. Mays, Esq., Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, attorneys for Plaintiff.

David E. Moore, Esq., Potter Anderson & Corroon LLP, Wilmington, DE; Mark Ungerman, Esq. (argued), Ungerman IP PLLC, Washington, D.C., attorneys for Defendants.

August _____, 2014

*[signature]*
ANDREWS, U.S. District Judge:

Pending before this Court is the issue of claim construction of disputed terms found in U.S. Patent No. 7,778,457, U.S. Patent No. 7,949,176, U.S. Patent No. 7,953,268, U.S. Patent No. 7,978,900, U.S. Patent No. 8,000,514, and U.S. Patent No. 8,326,015 (collectively the "Asserted Patents").[1]

## I. BACKGROUND

On September 25, 2012, Plaintiff Mitek Systems Inc. filed a patent infringement action against Defendants TIS America Inc. and Top Image Systems, Ltd. (D.I. 1). The Court has considered the parties' Joint Claim Construction Brief. (D.I. 53). The Court heard oral argument on August 5, 2014.

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324). When construing patent claims, a matter of law, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977-80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term."

---

[1] The Asserted Patents share the same specification.

1

*Phillips*, 415 F.3d at 1315 (internal quotations and citations omitted).

Furthermore, "the words of a claim are generally given their ordinary and customary meaning . . . [which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e. as of the effective filing date of the patent application." *Phillips*, 415 F.3d at 1312-13 (internal citations and quotation marks omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314 (internal citations omitted).

A court may consider extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises," in order to assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art and how the invention works. *Id.* at 1317-19 (internal quotation marks and citations omitted). However, extrinsic evidence is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

Finally, "[a] claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude the inventor's device is rarely the correct interpretation." *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (internal quotation marks and citation omitted).

## III. CONSTRUCTION OF DISPUTED TERMS

1. "smaller color image"

    a. *Plaintiff's proposed construction*: No construction necessary and not synonymous with color icon image.

    b. *Defendants' proposed construction*: Synonymous with color icon image.

    c. *Court's Construction*: Synonymous with color icon image.

The dispute here is whether "color icon image," the construction of which the parties agree to, is synonymous with "smaller color image." Plaintiff contends that the terms are not synonymous. Defendants argue that they are. The term "smaller color image" only occurs twice outside of the claims. The first occurrence is in Fig. 11a, where operation 1104 is labelled "Convert Original Color Image Into Smaller Color Image (Color 'icon' Image)." (Fig. 11a of '457 patent). The second occurrence is in the portion of the specification discussing Fig. 11a, where it states, "Upon receipt, this original color image is converted into a smaller color image, also referred to as a color 'icon' image, at operation 1104." (Col. 12 ll. 22-24 of '457 patent).

Plaintiff argues that because Fig. 11a is only an "example method," these portions of the specification should not be limiting. The Court finds this unavailing. The term at issue is used only twice, and in each of those occasions is synonymous with color icon image. The inventor used the terms interchangeably, and there is no reason to disrupt that choice.

2. "configured"

    a. *Plaintiff's proposed construction*: No construction needed or, if the Court decides to construe the term, "capable of."

    b. *Defendants' proposed construction*: "arranged or set-up with a view to a specific application or use"

    c. *Court's Construction*: "arranged or set-up to perform a specified function"

3

Initially, Defendants' proposed construction appeared to be closer to the dictionary definition of "configured."[2] I do not agree with Plaintiff that something is "configured" when it is merely "capable" of some function. "Capable" is a broader concept than "configured." However, the use of the phrase "with a view to" in Defendants' proposed construction introduces ambiguity. At oral argument, Plaintiff proposed that the term be construed as "arranged or set-up to perform a function." This proposal is fairly similar to Defendant's proposed construction.[3] The Court's construction attempts to harmonize both constructions, while recognizing the plain meaning of "configured."

3. "entering the extracted financial content from identified the at least one field into a new financial document with at least one corresponding field"

    a. *Plaintiff's proposed construction*: No construction needed and not insolubly ambiguous.

    b. *Defendants' proposed construction*: Insolubly ambiguous.

    c. *Court's Construction*: "entering the extracted financial content from the identified at least one field into a new financial document with at least one corresponding field"

This term occurs only in claim 10 of the '015 patent. The dispute here is that the term recites "from identified the," rather than "from the identified." Claim 9, on which claim 10 depends recites "from the identified." (Col. 24 l. 14 of '015 patent). Clearly this term is a typo. It is within my power to correct it, and I therefore do so. *See Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003).

4. "adapted to be recognized by at least one financial processing system"

    a. *Plaintiff's proposed construction*: No construction needed and not insolubly

---

[2] Defendants cited to the freedictionary.com website. The Court consulted the American Heritage Dictionary of the English Language and various websites.
[3] It is also fairly close to the definition of configured in the Merriam-Webster Dictionary as "to set up for operation especially in a particular way."

4

ambiguous.

    b. *Defendants' proposed construction*: Insolubly ambiguous.

    c. *Court's Construction*: No construction needed and not insolubly ambiguous.

This phrase appears in claim 13 of the '015 patent, which states, "The method of claim 1, further comprising creating a bitonal image of the financial document, wherein the bitonal image is adapted to be recognized by at least one financial processing system." (Col. 24 ll. 26-30 of '015 patent). Defendants argue that this term is insolubly ambiguous because "adapted" may be interpreted either as a verb or an adjective. If "adapted" is a verb, then the claim requires creating a bitonal image and then subsequently adapting the image to be recognized. If "adapted" is an adjective, then the bitonal image that is created has the characteristic that it may be recognized. The Court believes that "adapted" is a verb.[4] In any event, the phrase is not insolubly ambiguous. It seems clear that the bitonal image must be able to be read by at least one financial processing system. However, neither party has asked for a construction and I therefore do not construe it. I think the jury will be able to understand the phrase as it is.

## III. CONCLUSION

Within five days the parties should submit a proposed order, consistent with this opinion, suitable for submission to the jury, construing the first two terms.

---

[4] The American Heritage Dictionary of the English Language lists adapted as a transitive verb. Cursory review of online dictionaries does not offer any support for the proposition that "adapted" is an adjective.

5